UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DAVID BUCHANAN, | ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 1:10-cv-242 ) |
| PILGRIM'S PRIDE CORPORATION, | ) Judge Mattice ) |
| *Defendants*. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Request for Judicial Notice [Court Doc. 4] and Motion to Dismiss [Court Doc. 5], both filed August 30, 2010. In the former, Defendant asks the Court to take judicial notice of filings in a related bankruptcy proceeding. On June 9, 2011, this Court warned Plaintiff that failure to respond to a motion may be deemed a waiver of any opposition to the relief sought and that his failure to respond to Defendant's Request for Judicial Notice" [Court Doc. 4] and Motion to Dismiss [Court Doc. 5] on or before June 30, 2011 would result in this Court construing the request and motion as unopposed and deciding them without hearing from him. More than three weeks have passed since that deadline without Plaintiff filing a response, and the motion is now more than ripe for the Court's consideration.

First, this Court clearly may take judicial notice of proceedings in other courts, including the related bankruptcy matter. Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citing *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). Likewise, this Court may do so without converting the motion to dismiss into one for summary judgment. *J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 86-87 (6th Cir.

2007) (holding that courts may consider, without converting the motion to one for summary judgment, "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (citing *Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999). Therefore, the Court will treat the motion presently before it as one to dismiss without converting it to one for summary judgment. Accordingly, Defendant's Request for Judicial Notice [Court Doc. 4] will be **GRANTED**.

Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense is typically asserted as a motion to dismiss, where the movant challenges the sufficiency of claims set forth in a complaint. In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on the holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court clarified this statement by outlining the two "working principles" governing a motion to dismiss. *Id*. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court considering a motion to dismiss should only accept that all factual allegations are true. Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing

*Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail but whether there is "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

In this case, the record is clear that Pilgrim's Pride filed a Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Texas on December 1, 2008. (Mot. to Dismiss at 2 & Ex. A, Case No. 08-45664, Findings of Fact, Concl. of Law, & Order Confirming Debtors' Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as Modified), Dec. 10, 2009, at 4.) Defendant's Amended Joint Chapter 11 Plan of Reorganization was confirmed by the bankruptcy court on December 10, 2009, and became effective on December 28, 2009. (*Id.* & Ex. C, Notice of Entry of (A) an Order Confirming the Debtors' Joint Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as Modified) and (B) Occurrence of the Effective Date.) Defendant demonstrates, and Plaintiff does not dispute, that Plaintiff was served with a "Notice of Deadline for Filing Proofs of Claim on June 1, 2009, at 5:00 p.m. PT" and an associated Proof of Claim Form B10 on or before April 15, 2009. (*Id.*, Ex. D, Certificate of Service.) Further, on December 30, 2009, Plaintiff was served with the Notice of Effective Date. (*Id.*, Ex. C & Ex. E, Certificate of Service.)

As Defendant noted, the Plan and the Confirmation Order state that:

> [U]pon the Effective Date, all existing Claims against and Equity Interests in the Debtors shall be, and shall be deemed to be, discharged, terminated, and cancelled, as applicable, and all holders of Claims and Equity Interests shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees, or any of their assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim, and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date.

(*Id.* citing Ex. A at 42; Ex. B, Debtors' Am. Joint Plan of Reorganization Under Ch. 11 of the Bankr. Code (as Modified), Dec. 8, 2009, at 30-31.) Further, the filing of a bankruptcy petition generally stays the commencement of a proceeding against the debtor to recover a claim that arose prior to the bankruptcy filing, and the confirmation of a Chapter 11 plan discharges pre-petition debts except for those types recognized as nondischargeable under 11 U.S.C. § 523. *See* 11 U.S.C. §§ 362(a)(1), 1141(d).

Plaintiff's claims arose on or before July 23, 2009. (Court Doc. 1, Notice of Removal, Ex. 1, Compl. at ¶ 3.) He filed the instant suit in the Circuit Court of Hamilton County, Tennessee on July 22, 2010 – removed to this Court on August 26, 2010 – and has not come forward with any proof or argument that his pre-petition claim is nondischargeable. (*Id.*)

Accordingly, both Defendant's Request for Judicial Notice [Court Doc. 4] and Motion to Dismiss [Court Doc. 5] are hereby **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

A separate judgment will enter. The Clerk is **DIRECTED** to close the file in this case.

**SO ORDERED** this 25th day of July, 2011.

                                        */s/Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE